**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
UNITED STATES OF AMERICA,                )
                                                          )
          v.                                              )
                                                          )          Crim. Action No. 21-0497 (ABJ)
ANTHONY ALEXANDER ANTONIO,     )
                                                          )
                    Defendant.                      )
_____)

## ORDER

Defendant Anthony Alexander Antonio has been charged in a nine-count indictment with a number of offenses, including obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. §§ 1512(c)(2) and 2.  *See* Superseding Indictment [Dkt. # 26] at 2 (Count II).  He has moved to dismiss this count on the grounds that it fails to state an essential element of the offense.  *See* Am. Mot. to Dismiss Count Two [Dkt. # 45] ("Mot.").[1]  The government opposes the motion.  Gov't Opp. to Def.'s Mot. to Dismiss Count Two [Dkt. # 47] ("Opp.").

The Federal Rules of Criminal Procedure require that an indictment must consist of "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  The charging document "need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense."  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018), quoting *United States v. Verrusio*, 762 F.3d 1, 13

---

[1]     Defendant filed his original Motion to Dismiss on January 23, 2023.  *See* Mot. to Dismiss Count II [Dkt. # 44].  On January 26, 2023, the Court issued a minute order stating that defendant attached the incorrect memorandum in support of his motion and instructed counsel to file the proper memorandum.  *See* Min. Order (Jan. 26, 2023).  Counsel filed the amended Motion to Dismiss Count Two on January 27, 2023.  *See* Mot.

(D.C. Cir. 2014); *see United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974), quoting *United States v. Carll*, 105 U.S. 611, 612 (1882).

A criminal defendant may move to dismiss an indictment before trial based on a "defect in the indictment," Fed. R. Crim. P. 12(b)(3)(B), including constitutional challenges. *See United States v. Eshetu*, 863 F.3d 946, 952–53 (D.C. Cir. 2017), *vacated in part on reh'g on other grounds*, 898 F.3d 36 (D.C. Cir. 2018). "When considering a motion to dismiss an indictment, a court assumes the truth of those factual allegations." *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015), citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). A dismissal of an indictment "is granted only in unusual circumstances," because "a court's 'use [of] its supervisory power to dismiss an indictment . . . directly encroaches upon the fundamental role of the grand jury.'" *Id.* at 148, quoting *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995).

Count Two alleges:

> On or about January 6, 2021, within the District of Columbia and elsewhere, ANTHONY ALEXANDER ANTONIO, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18.

Indictment at 2. Defendant argues that Count Two fails to allege a violation of section 1512(c)(2); he maintains that the Electoral College certification on January 6 was not an "official proceeding" for purposes of the statute because "it did not have a 'quasi-judicial function.'" Mot. at 5.

Defendant adds that if the Court finds the term "official proceeding" to be ambiguous, the rule of lenity would call for a narrow interpretation in defendant's favor.  Mot. at 9–10.

Section 1512(c)(2) states: "Whoever corruptly . . . (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."   18 U.S.C. § 1512(c)(2).   The scope of the term "official proceeding" is not left to the reader's imagination, but it is specifically defined in the statute to include:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
>
> (B) a proceeding before the Congress;
>
> (C) a proceeding before a Federal Government agency which is authorized by law; or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

18 U.S.C. § 1515(a)(1).

Notwithstanding the fact that Congress used clear and unambiguous language to define "official proceeding" to include a "proceeding before the Congress," defendant insists that the term should be given a narrow reading and limited to those occasions when the proceeding is serving a quasi-judicial function.  Mot. at 5–11.  This Court has already rejected this argument on the grounds that it is contrary to the plain text of the statute, and that the attempt to narrow the reach of section 1512(c)(2) to obstructing the administration of justice in an adjudicative context is not supported by its legislative history or the structure of the statute as a whole.  *See United States v.*

*Williams*, No. 21-cr-618, 2022 WL 2237301, at *8–9 (D.D.C. June 22, 2022); *see also United States v. Rodriguez*, No. 21-cr-246, 2022 WL 3910580, at *3–8 (D.D.C. Aug. 31, 2022); *United States v. Gray*, No. 21-cr-495, 2023 WL 2998862, at *4–5 (D.D.C. Jan. 26, 2023); Order, *United States v. Black*, Case No. 21-cr-127 (D.D.C. July 26, 2022) [Dkt. # 51].

> Among other things, this Court has observed:

> When one reads the words "proceeding before the Congress" in the context of the other "official proceedings" specified in the list – "a proceeding before a judge or court . . . or a Federal grand jury," "a proceeding before a Federal Government agency which is authorized by law," and "a proceeding . . . before any insurance regulatory official or agency" – the term appears to apply to a formal gathering before the body in question, *see United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013), which is conducted under legal auspices, and is authorized to render some sort of decision or outcome. One would be hard-pressed to identify many other proceedings on Capitol Hill with more formality than a joint session of both houses of Congress that is called for by the Constitution itself, and over which the Vice President of the United States is required to preside. *See* U.S. Const. art. II, § 1; U.S. Const. amend. XII. This was not merely a ceremonial gathering, as one might describe a State of the Union address, but it fits the definition of a proceeding "before the Congress" because a quorum consisting of "a Member or Members from two thirds of the States, and a Majority of all the States" was required to be there, U.S. Const. art. II, § 1, cl. 3, and there was something specific to be determined: the outcome of the presidential election.

*Williams*, 2022 WL 2237301, at *9. Furthermore:

> The limitation would be illogical, since Congress was created in Article I of the Constitution to be the legislative branch of the tripartite government, with powers distinct from those of the other branches. While it may hold hearings to gather information relevant to potential enactments and amendments, and to perform its oversight responsibilities, it seldom sits as an adjudicative body or as the decision maker in an adversary proceeding.

*Id.*

> Moreover, every other court in this district presented with this argument has rejected it.

*See, e.g.*, *United States v. Robertson*, 588 F. Supp. 3d 114, 119–122 (D.D.C. 2022), *recons. denied*, 610 F. Supp. 3d 229, 232–36 (D.D.C. 2022); *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137–40 (D.D.C. 2022); *United States v. Bingert*, 605 F. Supp. 3d 111, 115–28 (D.D.C. 2022);

*United States v. Reffitt*, 602 F. Supp. 3d 85 (D.D.C. 2022); *United States v. Puma*, 596 F. Supp. 3d 90, 96–108 (D.D.C. 2022); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022), *recons. denied*, 617 F. Supp. 3d 42, 48 (D.D.C. 2022); *United States v. McHugh*, 583 F. Supp. 3d 1, 11–28 (D.D.C. 2022), *recons. denied*, No. 21-cr-453 (JDB), 2022 WL 1302880, at *2–13 (D.D.C. May 2, 2022); *United States v. Montgomery*, 578 F. Supp. 3d 54, 61–87 (D.D.C. 2021); *United States v. Nordean*, 579 F. Supp. 3d 28, 41–54 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 10–34 (D.D.C. 2021); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021); *United States v. Gossjankowski*, No. 21-cr-123 (PLF), 2023 WL 130817, at *7–10 (D.D.C. Jan. 9, 2023); *United States v. Sheppard*, No. 21-cr-203 (JDB), 2022 WL 17978837, at *2–4 (D.D.C. Dec. 28, 2022); *United States v. Nordean*, No. 21-cr-175 (TJK), 2022 WL 17583799, at *15 (D.D.C. Dec. 11, 2022); *United States v. Gillespie*, No. 22-cr-60 (BAH), 2022 WL 17262218, at *2–3 (D.D.C. Nov. 29, 2022); *United States v. Weeks*, No. 21-cr-247 (TFH), 2022 WL 9296415, at *3–5 (D.D.C. Oct. 14, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), 2022 WL 4300000, at *1 (D.D.C. Sept. 19, 2022); *United States v. Brock*, No. 21-cr-140 (JDB), 2022 WL 3910549, at *2–5 (D.D.C. Aug. 31, 2022); *United States v. Andries*, No. 21-cr-93 (RC), 2022 WL 768684, at *3–7 (D.D.C. Mar. 14, 2022); *United States v. Bozell*, No. 21-cr-216 (JDB), 2022 WL 474144, at *2–5 (D.D.C. Feb. 16, 2022).

One court did grant a motion to dismiss a count charging a violation of 18 U.S.C. § 1512(c)(2). *See United States v. Miller*, 589 F. Supp. 3d 60, 67, 79 (D.D.C. 2022), *recons. denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), and *rev'd and remanded sub nom. United States v. Fischer*, ---- F.4th ----, 2023 WL 2817988 (D.C. Cir. 2023). But it did so on grounds not raised here – that the provision only applies if the defendant took some action with respect to a document,

record, or other object, and even that court agreed with the government that the congressional certification of the Electoral College results qualified as an "official proceeding." *Miller,* 589 F. Supp. 3d at 67, 79.

This ruling has been upheld on appeal. The D.C. Circuit reversed and remanded the district court's decision regarding the conduct covered by the statute, holding that section 1512(c)(2) unambiguously encompasses "all forms of obstructive acts" and "not just those limited to tampering with documents or objects." *Fischer*, 2023 WL 2817988, at *4–5. But with respect to the argument defendant advances here, the Circuit confirmed that the statutory definition of "official proceeding" includes a "proceeding before the Congress." *Id.* at *9.

> Although appellees strain to argue that the Electoral College vote certification is not a "proceeding before the Congress" because it does not involve "investigations and evidence," . . . we see no such limit in the ordinary meaning of the word "proceeding." *See Proceeding*, *Oxford English Dictionary* (2d ed. 1989) ("[T]he carrying on of an action or series of actions.").

*Id.* (alteration in original).

Given the language of the statute and the guidance provided by the Court of Appeals, defendant's motion to dismiss Count Two [Dkt. # 44] and amended motion to dismiss Count Two [Dkt. # 45] are **DENIED.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  April 24, 2023