# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.: 21-CR-497 (ABJ)** |
| | : | |
| **v.** | : | **18 U.S.C. §§ 231(a)(3)** |
| | : | |
| **ANTHONY ALEXANDER ANTONIO,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## SUPPLEMENTAL STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Anthony Alexander Antonio (hereinafter, "the defendant" or "Antonio"), with the concurrence of the defendant's attorney, agree and stipulate to the below supplement to the factual basis for the defendant's guilty plea, incorporating the Statement of Offense entered on December 13, 2023 (ECF 58)—that is, if this case were to proceed to trial, the parties stipulate that the United States could, in addition to the facts set forth in the original Statement of Offense, prove the below facts beyond a reasonable doubt:

### *Elements of the Offense*

1.      The parties agree that Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), requires the following elements:

   a.   First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

   b.   Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

   c.   Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

*Defendant's Acknowledgments*

2.      The defendant knowingly and voluntarily admits to all the elements as set forth above. As set forth in the December 13, 2023, Statement of Offense, ¶4, throughout the time the defendant was at the Capitol on January 6, the situation there was a civil disorder which obstructed the performance of federally protected functions. In climbing the media tower on the West Plaza, yelling at police officers there, confronting officers in the Lower West Terrace tunnel and using a stolen police shield to force his way into the tunnel, spraying water at an officer in distress who was being dragged by rioters, firing up the crowd using a bullhorn encouraging people not to leave the restricted Capitol grounds the police were working to clear, joining a mass of rioters pushing against officers in the tunnel to try to gain access to the building, taking and wearing a gas mask belonging to the police, forcefully pushing and grappling with police officers, and refusing to leave the tunnel until sprayed with chemical irritant, entering the Capitol building and breaking furniture so the rioters would "have something to use against" the police, and many other acts during that time described at ¶¶9-16, the defendant acted knowingly and with the intended purpose of obstructing, impeding, and interfering with the police officers defending the Capitol.

3.      The defendant admits that his conduct at the Capitol on January 6, 2021 constituted aggravated assault for purposes of the sentencing cross-reference under U.S.S.G. § 2A2.2(a) because it was a felonious assault that involved an intent to commit another felony. Specifically, the defendant's actions in using the stolen police shield to force his way into the tunnel where officers were trying to prevent a breach of the building, spraying water at the officer in distress who was being dragged out of the tunnel and into the angry mob by rioters, and forcefully pushing and grappling with police officers were committed with the intent to commit Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

4.      For purposes of the sentencing enhancement under U.S.S.G. § 3A1.1, the

defendant admits that the police officers with whom he interacted that day were in full uniform,

that he knew they were – in fact – police officers when he took the above actions, and that those

actions against the police were motivated by their status as law enforcement officers.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By:     *s/ Craig Estes*
        CRAIG ESTES
        Assistant U.S. Attorney
        Mass. Board of Bar Overseers #670370
        Capitol Siege Section Detailee
        U.S. Attorney's Office
        District of Massachusetts
        (617) 748-3100
        Craig.Estes@usdoj.gov


        */s/ Terence Parker*
        TERENCE PARKER
        Trial Attorney
        United States Attorney's Office for the
                District of Columbia (detailee)
        New York Bar No. 5775192
        Terence.Parker3@usdoj.gov
        (202) 803-1600


        */s/ Mindy Deranek*
        MINDY DERANEK
        Assistant United States Attorney
        United States Attorney's Office for the
                District of Columbia
        Washington Bar No. 43085
        Mindy.Deranek@usdoj.gov
        (202) 252-7776

## DEFENDANT'S ACKNOWLEDGMENT

I, Anthony Alexander Antonio, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 11/5/24

Anthony Alexander Antonio
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 11-5-24

Robert L. Jenkins, Jr.
Attorney for Defendant